## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Apr 16 2019, 6:15 am

**C L E R K**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Christopher K. Starkey
Shelbyville, Indiana

ATTORNEYS FOR APPELLEE

Gregory W. Guevara
Tyler J. Moorhead
Bose McKinney & Evans LLP
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Indiana Commissioner of Labor, on the Relation of Heather Chamness, <br><br> *Appellant-Plaintiff,* <br><br> v. <br><br> J.D. Byrider Systems, LLC, <br><br> *Appellee-Defendant.* | April 16, 2019 <br><br> Court of Appeals Case No. 18A-PL-1617 <br><br> Appeal from the Hamilton Circuit Court <br><br> The Honorable Paul A. Felix, Judge <br><br> Trial Court Cause No. 29C01-1705-PL-5002 |

**Najam, Judge.**

# Statement of the Case

The Indiana Commissioner of Labor, on behalf of Heather Chamness, ("the Commissioner") appeals the trial court's order that it pay $3,950 in attorney's fees to J.D. Byrider Systems, LLC ("J.D. Byrider") after the court dismissed the Commissioner's wage claim against J.D. Byrider because the claim was groundless. The Commissioner raises three issues for our review, which we consolidate and restate as whether the trial court erred when it ordered the Commissioner to pay J.D. Byrider's attorney's fees. We affirm.

# Facts and Procedural History

On March 29, 2017, the Commissioner filed a complaint for damages against J.D. Byrider. In the complaint, the Commissioner alleged that J.D. Byrider had failed to pay Chamness her wages in a timely fashion. In particular, the complaint alleged as follows:

> 5. Chamness started working for [J.D.] Byrider [o]n or about January 2010.

> 6. [J.D.] Byrider fired Chamness on or about 12 April 2017.

> 7. [J.D.] Byrider owed Chamness a commission when it fired her.

> 8. [J.D.] Byrider informed Chamness that it would not pay her the commission until she returned a company cellular phone.

> 9. [J.D.] Byrider paid Chamness that commission by envelope postmarked 1 May 2017.

10. Chamness did not receive the commission until 4 May 2017.

11. The gross amount of commission was $3,290.00.

12. This commission was legally a "wage" under Indiana law.

13. After her termination, the next pay date for Chamness was 21 April 2017.

14. Pursuant to [Indiana Code Section] 22-2-9-2, all wages [J.D.] Byrider owed Chamness were due on the next pay date following her termination.

Appellant's App. at 10.

[3]    On July 3, J.D. Byrider's attorney emailed the Commissioner's attorney and requested the Commissioner to "voluntarily dismiss" the complaint because "[t]he Indiana Court of Appeals has already ruled that payments under a similar . . . incentive plan do not constitute statutory 'wages' under Indiana's wage payment laws . . . ." *Id.* at 16 (citing *Quezare v. Byrider Fin., Inc.*, 941 N.E.2d 510 (Ind. Ct. App. 2011), *trans. denied*). J.D. Byrider's attorney concluded that there was "no valid, good faith basis to continue to litigate these claims" and that, if the Commissioner did not voluntarily dismiss the lawsuit, J.D. Byrider would seek recovery of its attorney's fees. *Id.* at 18.

[4]    The Commissioner did not respond to the July 3 email. On July 26, J.D. Byrider filed its answer and counterclaim in which it alleged that the Commissioner's complaint was "frivolous, unreasonable,

vexatious, . . . groundless" and "being litigated in bad faith" because, as a matter of Indiana law, the commissions complained of were not "wages." Appellee's App. Vol. II at 7. Accordingly, J.D. Byrider asked the court to award to J.D. Byrider reasonable attorney's fees under Indiana Code Section 34-52-1-1.

[5] On August 23, J.D. Byrider's attorney again emailed the Commissioner's attorney and requested the Commissioner to "voluntarily dismiss the suit" under threat of a recovery of attorney's fees. Appellant's App. at 20. The Commissioner's attorney responded that he would "consult with [his] client . . . with how . . . to proceed . . . ." *Id.* at 19. After some time with no further follow-up from the Commissioner, J.D. Byrider's attorney again emailed the Commissioner's attorney on November 1 and asked if the Commissioner was going to "voluntarily dismiss this suit." *Id.* The Commissioner did not respond to that email.

[6] On January 30, 2018, J.D. Byrider moved to dismiss the Commissioner's complaint for failure to prosecute under Indiana Trial Rule 41(E) and to be awarded reasonable attorney's fees. Thereafter, the trial court held a hearing on J.D. Byrider's motion to dismiss. At the commencement of that hearing, the Commissioner's attorney promptly informed the court that he had "filed the case," J.D. Byrider's attorney had then "asked me to dismiss it," and he responded by "basically [doing] nothing with the case." Tr. Vol. II at 4. The Commissioner's attorney then "agree[d]" that "the case should be dismissed" and "apologized" to J.D. Byrider for his "dilatory actions." *Id.*

[7] J.D. Byrider's attorney then explained to the court his rationale for why the Commissioner's complaint was frivolous or in bad faith, relying on the facts of Chamness' commission as they compared to the incentive payment at issue before our Court in *Quezare* and expressly referencing Indiana Code Section 34-52-1-1 as the basis for his claim for attorney's fees. The Commissioner's attorney did not dispute or otherwise challenge J.D. Byrider's assessment of Chamness' commission as it related to *Quezare*; instead, the Commissioner's attorney simply argued that, under Indiana Trial Rule 41(E), J.D. Byrider was entitled to its court costs but not to attorney's fees.

[8] At the conclusion of the hearing, the court instructed J.D. Byrider's attorney to file an attorney fee affidavit. He did so, claiming $8,825 in attorney's fees. The trial court then dismissed the Commissioner's complaint, found $3,950 in attorney's fees to be reasonable, and ordered the Commissioner to pay that amount to J.D. Byrider by March 26, 2018, which was ten days after the court's order. This appeal ensued.

## Discussion and Decision

[9] The Commissioner asserts that the trial court erred when it ordered the Commissioner to pay to J.D. Byrider $3,950 in attorney's fees within ten days of the court's order. As our Supreme Court has made clear:

> A trial court may grant an award of attorney's fees if a litigant "continued to litigate the action or defense after the party's claim or defense clearly became frivolous, unreasonable, or groundless." Ind. Code § 34-52-1-1(b)(2) (2008). . . . [T]he trial court's decision to award attorney's fees and any amount thereof

is reviewed for an abuse of discretion. A trial court abuses its discretion if its decision clearly contravenes the logic and effect of the facts and circumstances or if the trial court has misinterpreted the law.

*Purcell v. Old Nat'l Bank*, 972 N.E.2d 835, 843 (Ind. 2012) (some citations omitted).

[10] The Commissioner first asserts that the trial court abused its discretion when it awarded attorney's fees to J.D. Byrider because the Commissioner's complaint stated a claim. But that is beside the point. "A claim is groundless if no facts exist which support the legal claim relied on and presented by the losing party." *Id.* The Commissioner cites no authority for the proposition that the determination of whether a claim is groundless is established merely by the pleadings. Indeed, Indiana Code Section 34-52-1-1(b)(2) expressly permits attorney's fees for groundless claims when the plaintiff has "continued to litigate the action . . . after the party's claim . . . clearly became . . . groundless . . . ."

[11] Here, the Commissioner did not dispute at the final hearing before the trial court that post-pleading facts and law offered by J.D. Byrider showed that the Commissioner's complaint was in fact "groundless." Yet, despite that knowledge, the Commissioner refused to voluntarily dismiss the complaint and instead required J.D. Byrider to continue to employ counsel to contact the Commissioner and file motions and documents in the trial court. Accordingly, we reject the Commissioner's first argument.

[12] The Commissioner next asserts that the trial court abused its discretion because Trial Rule 41(E), which permits the dismissal of actions due to the plaintiff's failure to prosecute them, permits only an award of "costs" to the defendant. But again the Commissioner misses the mark. J.D. Byrider's request for attorney's fees in the trial court was expressly based on Indiana Code Section 34-52-1-1, which permits an award of fees when an action on a claim is "frivolous, unreasonable, or groundless," or "litigated in bad faith." J.D. Byrider did not seek attorney's fees under Trial Rule 41(E). Accordingly, we reject the Commissioner's second argument.

[13] Third, the Commissioner asserts that the award of $3,950 is unreasonable. We cannot agree and must instead conclude that the Commissioner's short argument on this issue is merely a request for this Court to reweigh the evidence, which we will not do. We reject the Commissioner's third argument.

[14] Finally, the Commissioner asserts that the trial court abused its discretion when it ordered the Commissioner to pay J.D. Byrider's attorney's fees within ten days of the court's order. According to the Commissioner, if that deadline were missed, the trial court could hold the Commissioner in contempt, and if the trial court held the Commissioner in contempt, the Commissioner could be imprisoned, and imprisonment for debt would violate Article 1, Section 22 of the Indiana Constitution. But we agree with J.D. Byrider that the ten-day deadline is less significant for possible contempt proceedings than it is relevant for a determination of when interest on the award will begin to accrue. We also

conclude that the Commissioner's speculation as to potential future outcomes does not demonstrate reversible error in the award of fees itself.

[15] In sum, we affirm the trial court's award of $3,950 for attorney's fees to J.D. Byrider.

[16] Affirmed.

Pyle, J., and Altice, J., concur.